IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. BAUERMEISTER, | ) | CASE NO. 8:11CV111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| KOR XIONG, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on March 29, 2011.  (Filing No. 1.)  Plaintiff

was previously given leave to proceed in forma pauperis.  (Filing No. 6.)  The court now

conducts an initial review of the Complaint to determine whether summary dismissal is

appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff's allegations are minimal.  He alleges only that Defendant Kor Xiong,

President of Hmong Satellite TV, has committed "white collar crimes toward the company."

(Filing No. 1 at CM/ECF p. 2.)  Plaintiff is a shareholder in Hmong Satellite TV.  (Id. at

Filing No. 4.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether

summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The court must dismiss a

complaint or any portion thereof that states a frivolous or malicious claim, that fails to state

a claim upon which relief may be granted, or that seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims

across the line from conceivable to plausible," or "their complaint must be dismissed" for

failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III.  DISCUSSION OF CLAIMS

Liberally construed, Plaintiff asks the court to charge Defendant with a "white collar crime." (Filing No. 1 at CM/ECF p. 2.)  However, the court has no authority to grant his request.  A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Mercer v. Lexington Fayette Urban County Gov't.*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979), ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").  Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e).

The court notes that Plaintiff filed a letter in this matter on June 6, 2011, in which he urged the court to "speed up this matter," and warned that he would send an identical letter

to the court on a daily basis until the court acted on his Complaint. (Filing No. 9.)  The

duplicates of this letter are maintained in the clerk's office.  The court will order the clerk's

office to destroy the duplicates, without filing them, and also any duplicates of this letter

received in the future.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2.      A separate judgment will be entered in accordance with this Memorandum
        and Order;

3.      The clerk's office is directed to destroy the duplicates of Filing Number 9,
        without filing them, and also any duplicates of Filing Number 9 received in the
        future; and

4.      All pending motions are denied as moot.


DATED this 24th day of June, 2011.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S.
District Court for the District of Nebraska does not endorse, recommend, approve, or
guarantee any third parties or the services or products they provide on their Web sites.
Likewise, the court has no agreements with any of these third parties or their Web sites.
The court accepts no responsibility for the availability or functionality of any hyperlink.
Thus, the fact that a hyperlink ceases to work or directs the user to some other site does
not affect the opinion of the court.